## Richmond

### DIRECTOR-GENERAL OF RAILROADS V. J. W. CHANDLER.

March 17, 1921.

1. CARRIERS OF GOODS—*Bill of Lading—Prima Facie Evidence of Delivery to Carrier—Rebuttal.*—A bill of lading constitutes *prima facie* evidence of the fact that the carrier has received the goods recited therein, but this evidence may be rebutted.

2. CARRIERS OF GOODS—*Bill of Lading—Rebuttal of Prima Facie Presumption of Delivery—Case at Bar.*—In the instant case plaintiff bought a carload of potatoes from a dealer and instructed the dealer to ship the same in plaintiff's name to Chicago. The dealer procured from defendant's agent a bill of lading accordingly, and upon presentation of this bill of lading plaintiff settled with the dealer, treating that document as evidence that the contract of purchase and the incidental instructions as to shipping had been complied with by the dealer. Plaintiff was in both form and substance the shipper, and had made the dealer his agent in regard to the shipment. As a matter of fact, it developed that the goods recited in the bill of lading were never delivered to defendant carrier, and that the issuance of the bill was due to a mistake of defendant's agent.

   *Held:* That the case was simply one of a shipper suing a carrier to recover for loss of goods which were never delivered for carriage, and that the recitals of the bill of lading in no way estopped the carrier from showing the true facts.

3. APPEAL AND ERROR—*Judgment of Appellate Court—Section 6365, Code of 1919.*—Where in an action by a shipper against a carrier it was conclusively shown that the carrier did not receive the goods, the Supreme Court of Appeals will not remand the .cause for a new trial, but will reverse a judgment for plaintiff pursuant to section 6365, Code of 1919.

4. APPEAL AND ERROR—*Instructions—Reversal.*—Where there is an irreconcilable conflict in the instructions, the judgment must be reversed.

Error to a judgment of the Circuit Court of Northamp-

ton county in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Mears & Mears* and *Geo. R. Allen,* for the plaintiff in error.

*J. Brooks Mapp,* for the defendant in error.

KELLY, P., delivered the opinion of the court.

This was a notice of motion for judgment brought by J. W. Chandler against the director-general, operating the New York, Philadelphia and Norfolk Railroad. There was a verdict and judgment for the plaintiff, and the defendant assigns error.

On July 6, 1918, Chandler purchased from Louis Distributing Company, represented by and hereinafter called Louis, 199 barrels of Irish potatoes, supposed by Chandler to have been already loaded by Louis on a car of the N. Y., P. & N. Railroad at Eastville, Va. At the time of such purchase nothing had been done with reference to billing the car for shipment, and no freight receipt or bill of lading had been requested of or issued by the railroad company. Chandler instructed Louis to have the car shipped from Chandler at Eastville to Chandler at Chicago, thus naming Chandler as both consignor and consignee; and Louis procured from the agent at Eastville a bill of lading accordingly, which he delivered on the same day to Chandler, and the latter thereupon paid Louis $965.15, the agreed price of $4.85 per barrel for the 199 barrels covered by the contract of purchase. The bill of lading recited that the 199 barrels had been delivered to the railroad company. The plaintiff's notice of motion expressly states

that the amount sued for is claimed on account of "loss of one carload of Irish potatoes containing 199 barrels shipped by me from Eastville, Va., on July 6, 1918, to myself at Chicago, Ill.," and that "this carload of potatoes had been bought by me from Louis Distributing Company;" and, while the plaintiff further says in the notice that Louis delivered to him the railroad company's original bill of lading covering the shipment and that the plaintiff accepted the same in good faith and paid cash therefor, it is clear beyond debate, from the allegations and the proof, that what the plaintiff did was to buy a carload of potatoes from Louis at an agreed price, authorize and instruct him to ship the same in plaintiff's name to Chicago, and then settle with Louis upon presentation of the bill of lading, treating that document as evidence that the contract of purchase and the incidental instructions had been complied with by Louis. The plaintiff was dealing with Louis, so far as the purchase was concerned, and the bill of lading, when tendered to and signed by the defendant, purported to represent the property of Chandler and not the property of Louis. The plaintiff, therefore, was both in form and substance the shipper, and had clearly made Louis his agent in regard to the shipment. The bill of lading was signed for the company by its agent, and for the plaintiff by Louis, and these facts appeared on the bill when delivered to and accepted by the plaintiff.

As a matter of fact, it developed that the goods recited in the bill of lading were never delivered to the carrier. This is not conceded by the plaintiff's counsel, but it is, as we view the evidence, clearly proved. Although another car number was used in the notice of motion, there is no dispute about the fact that the claim is made on account of the contents of a certain car, known as S. A. L. No. 24053. It is shown that this car, containing 199 barrels Irish potatoes, had been already billed out by Louis on July 1, 1918, to another party at another destination, and had gone for-

ward before the bill of lading in this case was issued. The mistake, so far as the defendant's agent was concerned, was due to the fact that Louis, who seems to have operated on a large scale, presented to him for signature on July 6th, a number of bills of lading purporting to cover an equal number of carload shipments, including the one here involved, all of which were signed at the same time. The agent failed to detect the error in checking the bills that day, but made the discovery later.

[1] Of course the bill of lading constituted *prima facie* evidence of the fact that the carrier had received the goods recited therein; but this evidence was conclusively rebutted by the testimony of the agent. It is true that on cross-examination he said that he did not bring with him to the trial the records of the defendant showing the facts above detailed, particularly with reference to the movement of S. A. L. car No. 24053, but he was not asked to produce them and there was no objection to his testimony on that account. A careful examination of his evidence leaves no room to contend that any goods at all were delivered to the carrier under the bill of lading in question.

[2] The case, therefore, is simply one in which a shipper is suing the carrier to recover for loss of goods which were never delivered for carriage. As between such parties and under such a state of facts there can be no recovery, the recitals of the bill of lading in no way estopping the carrier from showing the true facts. These propositions are so well settled and so obviously sound and just that we need not recite authority for their support.

Having reached this conclusion, we need not consider the further contention of the defendant that even if the plaintiff could claim to be a third party holding the bill of lading as a *bona fide* assignee for value, the fact that no goods had actually been delivered to the carrier would still defeat the liability. The decisions of various State courts are in conflict upon this question. Sec. 4 R. C. L., pages 25, 26, sec.

29, and cases cited in notes 8 and 9; 6 Cyc. 419, and notes 96 and 98. The Federal courts have heretofore uniformly held with the contention of the defendant. See R. C. L., *supra*, and note 7; Cyc., *supra*, and note 97; *Friedlander* v. *Texas, etc., R. Co.,* 130 U. S. 416, 9 Sup. Ct. 570, 32 L. Ed. 991. Being an interstate bill of lading, the rule in the Federal court would, in the absence of statute, perhaps control. By act of Congress now, however, the rule seems to have been materially modified. See Barnes' Fed. Code (1919), sec. 7999; act August 29, 1916, ch. 415, sec. 22, 39 Stat. 542 (U. S. Comp. St. § 8604kk).

[3, 4] Nor is it necessary to pass upon the errors assigned in respect to the instructions given and refused by the trial court. That court seems to have intended to hold as we do upon the law of the case, for it gave a number of instructions for the defendant plainly telling the jury that the plaintiff could not recover if the potatoes were not delivered to the carrier, and yet it gave one instruction for the plaintiff squarely in conflict with that proposition. If the facts as to the delivery to the carrier were such as to take the case to the jury upon that point, the judgment would have to be reversed for this irreconcilable conflict in the instructions. We are of opinion, however, that the facts as to delivery to the carrier were fully developed from plaintiff's standpoint; that the carrier was conclusively shown not to have received the goods; and that, therefore, the plaintiff is not entitled to recover anything. We shall, therefore, not remand the cause for a new trial, but shall reverse the judgment complained of, and, pursuant to section 6365 of the Code, enter final judgment in this court for the defendant.

*Reversed.*